PER CURIAM.
This is an interlocutory appeal to review an order of the trial court, which denied motions to dismiss a complaint and to dissolve an injunction issued on the basis of the complaint.
The facts, generally, are that on June 16, 1965, the trial court issued an order, ex parte, against the appellant, Jerry San-strom, temporarily enjoining him from removing certain motor vehicles from the State of Florida and from selling or encumbering them. On June 24, 1965, San-strom filed an affidavit asserting that he would not sell or dispose of the motor vehicles, and that he would deposit the titles thereto in the registry of the court; and that if he were prohibited from taking the trucks outside the State of Florida and returning them to Dade County from time to time, he would be forced out of business.
*367 On June 25, 1965, the trial court issued its order which deleted from the injunction that portion which would have prevented Sanstrom from removing the motor vehicles from the State of Florida.
On July 23, 1965, the trial court issued the following order:
“THIS CAUSE, coming ón to be heard before me and upon stipulation of attorneys in open Court, and the Court being fully advised in the premises, it is:
“ORDERED, ADJUDGED, and DECREED that the Respondent, JERRY SANSTROM, may withhold the filing of an Answer or other responsive pleading-in this cause until twenty (20) days after the liability of the Respondent to the Petitioner has or has not been established by a final and complete determination as provided for by the Workmen’s Compensation Act. It is further Ordered that the Petitioner shall use due diligence in prosecuting their claim against the Respondent under the Workmen’s Compensation Act.”
******
In January, 1966, Sanstrom filed his motion to dissolve the injunction and claimed that his liability on the workmen’s compensation claim of the appellees against him had been determined adversely to the ap-pellees as a result of the ruling by a deputy commissioner.
On January 27, 1966 the trial court denied Sanstrom’s motions to dismiss the injunction and to dismiss the complaint. This interlocutory appeal has been appropriately filed.
The appellant contends, on appeal, that the complaint was insufficient to state a cause of action against him for injunctive relief, and that the trial court was in error in issuing the injunctive order without requiring the petitioner to post a bond.
The appellees claim that Sanstrom is bound by the order set forth above, and that he may not proceed in the cause, inasmuch as there has not been a final and complete determination of liability as provided for by the Workmen’s Compensation Act. This position is based upon the admitted fact that an appeal has been taken to the Florida Industrial Commission from the adverse order of the Deputy Commissioner, and that this appeal was pending before the full commission at the time of oral argument.
This contention overlooks the fact that the order provided that Sanstrom may withhold the filing of an answer or other responsive pleadings until twenty days after his liability had been determined. Sanstrom was left with the option to withhold the filing of an answer or other responsive pleadings until twenty days after his liability had been established. As permitted under the permissive requirements of the order, Sanstrom decided to file his responsive pleadings prior to the final and complete determination of liability as provided for by the Workmen’s Compensation Act.
It is obvious under the order that San-strom is not bound to wait until the Florida Industrial Commission, or the Supreme Court, has ruled on the compensation claim before filing his answer or other responsive pleadings.
An examination of the complaint for injunction establishes the fact that the irreparable harm and injury complained of by the petitioner is contingent upon the entry of a favorable order on the Workmen’s Compensation claim filed against Sanstrom under the Act.
If the injury complained of is doubtful, eventual or contingent, injunctive relief will not be afforded. First National Bank in St. Petersburg v. Ferris, Fla.App. 1963, 156 So.2d 421.
Inasmuch as the irreparable harm and damage complained of in this cause was contingent upon obtaining a favorable opinion from the Florida Industrial Com *368 mission or the Supreme Court, a cause of action was not stated, and this matter should he reversed.
The opinion of the trial court is therefor reversed and remanded with instructions to enter an order of dismissal in this cause for failure to state a cause of action, without prejudice to file an amended complaint, if the trial court should rule, upon proper application that such amendment is proper.
Reversed and remanded.