374 So.2d 54 (1979)
OXFORD INTERNATIONAL BANK AND TRUST, LTD. and Southeast First National Bank of Miami, Appellants,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.
No. 79-390.
District Court of Appeal of Florida, Third District.
July 17, 1979.
Rehearing Denied September 12, 1979.
*55 Smathers & Thompson and Charlton Lee Hunter, Miami, for appellants.
Horton, Perse & Ginsberg and Mallory H. Horton, Barranco, Darlson, Daniel & Bluestein, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellants, defendants below, bring this interlocutory appeal from an order denying their motion to dissolve a temporary injunction and continuing in force an injunction prohibiting appellant Oxford International Bank & Trust Company, Ltd., (hereinafter referred to as Oxford Bank) from withdrawing certain funds deposited to its credit at appellant Southeast First National Bank (hereinafter referred to as Southeast).
During the period November 22, 1978, through December 14, 1978, appellee Merrill Lynch, Pierce, Fenner & Smith, Inc. (hereinafter referred to as Merrill Lynch) purchased a substantial number of investment securities in the form of registered and bearer bonds from Oxford Bank. These purchases totaled in excess of $1,700,000. At all times material to the subject transactions, Oxford Bank was acting as an intermediary for one of its customers. Although Merrill Lynch did not know the identity of Oxford Bank's customer and has disputed Oxford Bank's status as an intermediary, Merrill Lynch was aware that Oxford Bank did not purport to be the owner of the investment securities. For purposes of this appeal, it is unnecessary to set forth the series of purchase transactions involved; however, at the conclusion of these transactions, Oxford Bank had delivered all of the proceeds of the sales to Merrill Lynch, i.e., $1,753,570.54 less $48,570.54 for commissions and expenses, or $1,705,000.00 to its customer. Thereafter, between December 14, 1978 and December 20, 1978, Merrill Lynch made a determination that the securities which it had purchased had been previously stolen in New York. Based upon this determination, Merrill Lynch filed a complaint, as amended, against appellants setting forth, among other things, a claim for money damages for the amounts which it had paid for the stolen securities, including a prayer for injunctive relief to prohibit Oxford Bank from withdrawing any funds on deposit with Southeast. This request for injunctive relief was granted without notice by the trial court on December 20, 1978, with a hearing set for December 22, 1978. Oxford Bank made no appearance on December 22, 1978, and the temporary injunction was *56 continued by the trial court. Thereafter, Oxford Bank moved to dissolve the temporary injunction. After a hearing, the trial court on February 6, 1979, entered the order appealed denying the motion to dissolve. This interlocutory appeal followed.
Appellants raise two points on appeal. Their first point is that injunctive relief should not have been utilized in this case to freeze the proceeds of the bank account pending the outcome of the suit for money damages because (1) appellee demonstrated no clear legal right or interest, (2) appellee had an adequate remedy at law, and (3) appellee failed to demonstrate probable success on the merits of its action.
The essential elements necessary for the issuance of a temporary injunction are a clear legal right or interest in the subject matter of the suit, the likelihood of irreparable harm because of the unavailability of an adequate remedy at law, and a substantial likelihood of success on the merits. See, e.g., Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975); and Dade Enterprises, Inc. v. Wometco Theaters, Inc., 119 Fla. 70, 160 So. 209 (1935). In our opinion, these essential elements were not met in the instant case. First, we are unaware of any authority in support of the position that a contingent and disputed claim for money damages constitutes, by itself, a sufficient right or interest for the granting of injunctive relief. In this case, appellee's contingent, unproven, and disputed claim in the form of a suit for money damages was not sufficient to satisfy the clear legal right or interest requirement. We note that appellee neither alleged that it had title or a lien against the proceeds of the account nor alleged that it had a judgment against Oxford Bank for the proceeds. See Wilson and Dade cited above. Second, appellee contends that it had no adequate remedy at law because the monies allegedly owed to it could not from a practical standpoint be recovered unless the funds were impounded. We believe that this confuses the question of the ability to obtain a judgment with the question of the ability to satisfy a judgment. This distinction, as stated by the Florida Supreme Court, is critical:
"The inadequacy of a remedy at law to produce money is not the test of the applicability of the rule. All remedies, whether at law or in equity, frequently fail to do that; and to make that the test of equity jurisdiction would be substituting the result of a proceeding for the proceeding which is invoked to produce the result. The true test is, could a judgment be obtained in a proceeding at law, and not, would the judgment procure pecuniary compensation". Stewart v. Manget, 132 Fla. 498, 181 So. 370, 374 (1938). (Emphasis supplied)
Further, this court has previously held that the granting of injunctive relief is improper when a plaintiff's right to recover is contingent upon a future event, i.e., here, appellee's successful prosecution of its suit for alleged breach of contract and fraud. See Sandstrom v. Ganen, 187 So.2d 366 (Fla. 3d DCA 1966); and Adjmi v. Pankonin, 126 So.2d 153 (Fla. 3d DCA 1961). Based upon appellee's failure to satisfy these two essential requirements for injunctive relief, it is unnecessary for us to comment upon the third, i.e., the substantial likelihood of appellee prevailing on the merits in its action. Further still, we do not believe that Section 68.03, Florida Statutes (1977), is applicable to the facts of this case. See Ake v. Chancey, 152 Fla. 677, 13 So.2d 6 (1943), interpreting Section 62.22, Florida Statutes (1941), which Section was the predecessor of Section 68.03. For these reasons, in our opinion, the trial court erred in not granting appellants' motion to dissolve the temporary injunction; therefore, the order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Because of this determination in regard to appellants' first point on appeal, it is unnecessary for us to make a determination in regard to their second point on appeal, i.e., appellee's complaint, as amended, failed *57 to state a cause of action sufficient to afford a basis for injunctive relief.
Reversed and remanded.