FRANK D. UPCHURCH, Judge,
dissenting:
I respectfully dissent. The order appealed states, “[T]he court finds solely for the allegations of the Motion that the Interve-nors’ Motion for a Temporary Restraining Order is well taken since various funds of the Intervenors or members of the class are alleged to be in an account with Florida National Bank in the name of Semoran Associates, Ltd., and irreparable injury may result without this Order, and the court having authority to enter this Order under section 658.61 of the Florida Statutes (1981)....”
The majority opinion makes short shrift of section 658.61, Florida Statutes.[1] That section contemplates that the claimant to funds on deposit at a bank obtain a restraining order or injunction against the bank in order to require the bank to recognize the claim. That is exactly what appel-lees sought here. The only difference is that the bank also claims a right to the funds in the account. However, the order restrains not only the bank, but also Semo-ran Associates from withdrawing the money from the account.
While it is true that the Third District Court of Appeal, in Oxford International Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), did reverse a temporary injunction granted in favor of Merrill Lynch which had prohibited Oxford Bank, against whom the brokerage firm had filed suit for monetary damages, from withdrawing certain funds deposited in its account at another bank, the court’s rationale was based on the contingent, unproven and disputed nature of the claim which was insufficient to *1249 satisfy the clear legal right prerequisite to injunctive relief. The court emphasized that Merrill Lynch “neither alleged that it had title or a lien against the proceeds of the account. ... ” 374 So.2d at 56. Here appellees have alleged they have title to the funds in question since these funds represent earnest money deposits paid by ap-pellees as prospective purchasers of condominium units owned by Semoran.
In my opinion, the trial judge was clearly within his discretion in granting the restraining order. The bank has the deposit. While it is true that the “bank does not have specific cash in a special pot for each of its customers”, the effect of the court’s order merely is to prevent the bank from making an entry on its books reflecting its ownership until the court determines who owns the funds in the account. The advisability of maintaining the status quo pending final determination by the court was recognized by the legislature in enacting the section 658.61, Florida Statutes, and this court should respect it.
I would AFFIRM.

. Section 658.61, Florida Statutes (1981), provides, in part:
Notice to any bank or trust company of an adverse claim to a deposit or fiduciary account standing on its books to the credit of any person shall not be effectual to cause the bank or trust company to recognize the adverse claimant unless the adverse claimant shall also either:
(1) Procure a restraining order, injunction, or other appropriate process against the bank or trust company from a court in a cause therein instituted by him wherein the person to whose credit the deposit or fiduciary account stands is made a party and served with process.