546 So.2d 1126 (1989)
Mirtha LOPEZ-ORTIZ, Appellant,
v.
CENTRUST SAVINGS BANK, Appellee.
No. 89-970.
District Court of Appeal of Florida, Third District.
July 18, 1989.
William D. Matthewman, Coral Gables, for appellant.
Stephen M. Zukoff, Miami, for appellee.
Before HUBBART, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from a non-final order granting an injunction. We reverse.
The appellee, Centrust Savings Bank (Centrust), filed a one-count complaint in tort alleging that appellant, Mirtha Lopez-Ortiz (Lopez-Ortiz), converted funds while employed by Centrust. Concurrent with the filing of the lawsuit, Centrust filed an emergency motion for prejudgment writ of garnishment. The trial court denied the motion for prejudgment writ of garnishment and, instead, granted ex parte, Centrust's ore tenus motion for temporary injunction, freezing a bank account and safe deposit box. The next evening Lopez-Ortiz was served with the lawsuit, the trial court's order granting the temporary injunction, and a notice for hearing set for the next morning.
At this next hearing, the trial court, after stating it had not correctly entered the requisite findings,[1] entered an order modifying the temporary injunction. In the new order, the trial court made several findings of fact. The trial court found, inter alia, that Lopez-Ortiz had admitted to taking $30,000.00 in travelers checks from Centrust and that there was cause to believe Centrust would have no way to recover on a judgment in this action unless an injunction was entered. In addition, the trial court denied Lopez-Ortiz's motion to dissolve the original temporary injunction order.
The issue in this case is whether the trial court erred in granting the injunction. Therefore, we will only examine the trial court order granting the injunction in light of the pleadings before the court at the time it entered the order modifying the temporary injunction.
Lopez-Ortiz asserts the trial court erred in issuing the injunction because the essential *1127 requirements for granting injunctive relief were not satisfied. Lopez-Ortiz further asserts that where a one-count complaint in the tort of conversion is filed, and, where no injunctive relief is even requested, an injunction cannot be ordered. Centrust contends since Lopez-Ortiz admitted to the theft of Centrust's funds, and, since Centrust was filing an amended complaint (after entry of the injunction), adding counts for RICO and constructive trust, the injunction was proper.
In Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla.3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980), this court delineated the requirements for issuance of a temporary injunction by stating the essential elements:
[a] clear legal right or interest in the subject matter of the suit, the likelihood of irreparable harm because of the unavailability of an adequate remedy at law, and a substantial likelihood of success on the merits. (emphasis supplied).
The test for unavailability of an adequate remedy at law, under these requirements, is "whether a judgment can be obtained, not whether, once obtained, it will be collectible." Mary Dee's, Inc. v. Tartamella, 492 So.2d 815, 816 (Fla. 4th DCA 1986); St. Lawrence Company, N.V. v. Alkow Realty, Inc., 453 So.2d 514 (Fla. 4th DCA 1984); Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, 374 So.2d at 56.
Here, it was plainly wrong for the trial court to issue the injunction based on the fact that Centrust may not be able to collect on a judgment against Lopez-Ortiz without the granting of injunctive relief. Since Centrust has an adequate remedy at law because it could obtain a money judgment against Lopez-Ortiz, the trial court's entry of the injunction was improper.
Further, in this case, Centrust brought an action at law for money damages for conversion and stated no ground for equitable relief. See Digaeteno v. Perotti, 374 So.2d 1015 (Fla. 3d DCA 1979). The rule is well settled that no temporary injunction may be issued where the complaint upon which it is based states no ground for equitable relief. Blume v. Giles, 143 Fla. 615, 197 So. 344 (1940); B.L.E. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47 (1931); Acquafredda v. Messina, 408 So.2d 828 (Fla. 5th DCA 1982). An action at law does not become an equitable action simply because a request for an injunction has been made. Ramsey v. Lovett, 89 So.2d 669 (Fla. 1956); St. Lawrence Company, N.V. v. Alkow Realty, Inc., 453 So.2d at 515; Supreme Service Station Corp. v. Telecredit Service Center, Inc., 424 So.2d 844 (Fla. 3d DCA 1983); Acquafredda v. Messina, 408 So.2d at 829.
Accordingly, we reverse and remand for dissolution of the injunction.
NOTES
[1] The trial court said it had failed to "dot all the i's and cross all the t's" in granting the temporary injunction.