566 So.2d 63 (1990)
C.W. BAILEY and Bailey Cattle Company, Inc., Petitioners,
v.
ROLLING MEADOW RANCH, INC., Etc., Respondent.
No. 90-315.
District Court of Appeal of Florida, Fifth District.
August 30, 1990.
*64 Patrick A. McGee and Anthony J. Moreno of McGee & Perez, P.A., Orlando, for petitioners.
David H. Simmons and Mark G. Jochem of Drage, deBeaubien, Knight & Simmons, Orlando, for respondent.
PETERSON, Judge.
Petitioners, C.W. Bailey and Bailey Cattle Company, Inc. (Bailey), seek certiorari review of an order denying their "Motion to Dissolve Amended Lis Pendens or, in the Alternative, Motion to Require Posting of Bond." We grant review and reverse.
Rolling Meadow Ranch, Inc. (RMR), filed its initial complaint against Bailey on June 20, 1989. A second amended complaint was filed September 13, 1989, seeking damages in seven counts for breach of a joint venture agreement, accounting, breach of a fiduciary duty, civil theft, fraud, and breach of a settlement agreement. On July 10, 1989, RMR filed in the official records of Orange County an amended notice of lis pendens, giving notice that 50 bulls located in Brevard and Polk Counties were affected by its complaint. On January 22, 1990, RMR served a notice of filing on Bailey that a "Claim of Agister Lien Pursuant to Chapter 713.65 Florida Statutes," also dated January 22, 1990, had been filed in the official records of Orange County. The agister's lien indicates that Andrew Machuta, President of Rolling Meadows Ranch, Inc., is the lienor and that he claims a lien on 42 bulls located on Rolling Meadows Ranch owned by him in Polk County for pasture service, bull carrying services, molasses, and hay.
Bailey moved to dissolve the lis pendens or to have RMR post a bond on December 15, 1989, prior to the recordation of the agister's lien; a hearing was held on January 25, 1990, only three days after service of notice of the lien. The reason for serving the notice of filing the agister's lien is not clear since no mention of it is made in RMR's second amended complaint, and no attempt to foreclose the lien has been made in this case. The lien refers to bulls in Polk County, not in Orange County where the lien was filed, and appears to have been filed on behalf of Andrew Machuta (although his capacity as president of RMR is asserted), who is not a party to this lawsuit. We glean from the record of arguments of counsel at the hearing that the reason for filing it was to eliminate the court's ability to "control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." § 48.23(3), Fla. Stat. (1987). The court has such ability under that statute when the initial pleading does not show that the action is founded on a duly recorded instrument or on a mechanics lien. The agister's lien would not qualify as a mechanic's lien to support the lis pendens since it was never mentioned in this case, it was filed months after the amended lis pendens, and, as noted above, it appears to be a lien asserted by Machuta. The lien was not mentioned in the amended lis pendens, was not the subject of Bailey's motion, and was not recorded in the official records of Orange County until the day after the hearing on Bailey's motion. Therefore, we will not consider the agister's lien as having any effect upon the disposition of this appeal.
Since the agister's lien has no connection with this appeal, the second amended complaint must be reviewed to determine whether the action is founded on a duly recorded instrument or on a mechanic's lien in order to avoid the court's control over the amended lis pendens as provided in section 48.23. Such a review clearly indicates the absence of references to such an instrument or mechanic's lien. In fact, no remedy is requested in the amended *65 complaint for any kind of judicial action that would affect the bulls. Paragraph 10 of the settlement agreement attached as Exhibit A to the amended complaint creates a security interest and a lien on cows and calves in favor of RMR, but no mention of bulls is made in that exhibit or any other exhibit to the amended complaint other than that Bailey is to provide "bull services." The only allegation in the second amended complaint that might be construed to have some connection with bulls is a bare allegation in paragraph 27 which contends that RMR has on its ranch 50 bulls that were purchased with joint venture assets, and the joint venture agreement does not contemplate the purchase of any livestock. Paragraph 37 alleges RMR is entitled to 50 percent of the assets of the joint venture, and the prayer for relief in Count II asks for an accounting and such other relief as may be granted by the court. These allegations barely preclude dissolution of the lis pendens, but a bond should be required of RMR to indemnify Bailey in the event RMR fails to establish its right to possession or ownership of the bulls. When the test established in Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984), is applied here, the result requires a bond. "The test is simple: If the lis pendens places a cloud on the title that did not exist, then a bond should be considered." Id. at 481. RMR asserts that Bailey did not attempt to show irreparable harm at the time of the hearing and that such a showing is required under First Southern Development Corporation v. Chandler & Associates, Inc., 472 So.2d 878 (Fla. 1st DCA 1985), rev. dismissed, 482 So.2d 348 (Fla. 1986). There are times when common sense prevails over the recitation by advocates of general rules that may be applicable to many types of personal and real property. In this case, 50 bulls will be "tied up" during the pendency of this law suit which may last for many months or even years. All of these animals will require feed, pasture, veterinary services, and observation. Even with humane treatment, some may perish or become unsuitable for service. This is the way of nature, and time is not on the side of living things. Time alone is evidence of irreparable harm in this case. Another requirement preliminary to the posting of a bond is ascertainment of the value of the property encumbered by the lis pendens. Bailey attempted to have the trial court consider the value of the animals to determine the amount of a bond but was precluded from going forward with testimony.
We grant the writ of certiorari and order that the lis pendens be stricken from the record unless RMR posts a bond in an amount to be determined by the trial court after hearing.
Writ GRANTED.
GOSHORN, J., concurs.
GRIFFIN, J., concurs in result only.