PER CURIAM.
1800 Atlantic Condominium Association, Inc. appeals a temporary injunction entered by the trial court. Appellants first contend that there were procedural errors, and an inadequate evidentiary basis, for the temporary injunction. After careful review of the pleadings and hearing transcript, we conclude that the facts material to the trial court’s ruling were undisputed, and that the hearing proceeded upon that basis. The trial court acted within the bounds of sound discretion in deciding that the temporary injunction standards were satisfied so as to justify an order preserving the status quo pending final hearing. See Oxford Int’l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla.1980).
There is, however, merit in appellant’s contention that appellees have failed to join an indispensable party. Where, as here, an order is sought which enjoins the performance of a contract, the parties to the contract should be joined in the proceeding. See Spierer v. City of North Miami Beach, 560 So.2d 1198 (Fla. 3d DCA 1990). While the contract at issue here expressly acknowledges that the lease might be terminated as a result of judicial action, the lessee should be joined in the proceeding. We do not disturb the temporary injunction, but direct that lessee be properly joined in the' proceedings below.
Affirmed; remanded with directions.*

This court’s ruling is without prejudice to the parties' ability to advance their respective positions at the final hearing and appeal therefrom, if any.