593 So.2d 558 (1992)
Hugo DE LEON and Mayra De Leon, his wife, and Ocean Bank, Appellants,
v.
AEROCHAGO, S.A., a Dominican Republic corporation, Lillian Rodriguez De Cohen, individually, and as the personal representative of the Estate of Pedro S. Rodriguez Echevarria, Appellees.
No. 91-1261.
District Court of Appeal of Florida, Third District.
January 28, 1992.
Rehearing Denied March 3, 1992.
James Claude Bovell, Coral Gables, for appellants Hugo De Leon and Mayra De Leon.
Louis K. Nicholas, II, Miami, for appellant Ocean Bank.
Rasco & Reininger, Sharon L. Blake and John F. Jankowski, Miami, for appellees.
Before SCHWARTZ, C.J., and FERGUSON and GODERICH, JJ.
PER CURIAM.
The appellants, Hugo de Leon, Mayra de Leon and Ocean Bank, bring this interlocutory appeal from an order denying their motion to dissolve a temporary injunction, which prohibited Hugo de Leon from withdrawing any of the funds deposited in a certificate of deposit at Ocean Bank and ordered Ocean Bank to freeze the certificate of deposit. We reverse and remand.
Aerochago, S.A., is an international air carrier incorporated in the Dominican Republic and doing business in the United States. In order to operate in the United *559 States, Aerochago obtained a customs bond in favor of the United States. Aerochago is owned in principal part by Lillian Rodriguez de Cohen, individually, and as the personal representative of the estate of Pedro S. Rodriguez Echevarria.
On July 10, 1989, Pedro S. Rodriguez Echevarria [hereinafter referred to as Rodriguez] issued a check from his personal account payable to Hugo de Leon in the sum of $50,000.00. He noted that the check was for a customs policy. Hugo de Leon deposited the check in Aerochago's account held with Ocean Bank. On July 13, 1989, Hugo de Leon opened a $50,000.00 certificate of deposit in the names of Hugo de Leon or Rodriguez. This certificate of deposit was pledged as collateral for a standby letter of credit issued by Ocean Bank. In turn, this letter of credit stands as security for the customs bond.
Rodriguez died on August 16, 1990. On November 20, 1990, Hugo de Leon converted the original certificate of deposit into his sole and exclusive name. Hugo de Leon pledged the new certificate of deposit as collateral for the letter of credit. However, he instructed the bank not to renew the letter of credit when it expired on July 15, 1991.
Aerochago and Lillian Rodriguez de Cohen, individually, and as the personal representative of the estate of Pedro S. Rodriguez Echevarria [collectively referred to as the appellees] filed a complaint against the de Leons and against Ocean Bank for injunctive relief, declaratory relief, and for damages. The trial court granted a temporary injunction on May 8, 1991. The appellees posted a $25,000.00 bond pursuant to rule 1.610, Florida Rules of Civil Procedure. The trial court denied the de Leons' ore tenus motion to set aside, vacate or otherwise dissolve the injunction and, thereby, continued the injunction. The de Leons and Ocean Bank appeal.
The appellants contend that the trial court erred in granting the temporary injunction and in refusing to dissolve the injunction where the appellees did not demonstrate the essential elements necessary for a temporary injunction. We agree.
Injunctions are an extraordinary remedy which must be granted sparingly, Hiles v. Auto Bahn Fed'n, Inc., 498 So.2d 997 (Fla. 4th DCA 1986); Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980), and only after the moving party demonstrates each of the following essential elements: (1) a clear legal right or interest in the subject matter of the suit; (2) the likelihood of immediate and irreparable harm because of the unavailability of an adequate remedy at law; and (3) a substantial likelihood of success on the merits. Lopez-Ortiz v. Centrust Sav. Bank, 546 So.2d 1126, 1127 (Fla. 3d DCA 1989); Oxford Int'l Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980).
In the instant case, the appellees failed to show the existence of several of the essential elements necessary for the issuance of injunctive relief.
First, appellees have asserted a contingent, unproven and disputed claim for money damages. This is not a sufficient right or interest. See Oxford, 374 So.2d at 56. "Injunctive relief may not be used to enforce money damages, or to prevent any party from disposing of assets until an action at law for an alleged debt can be concluded." Hiles, 498 So.2d at 998 (citing Action Elec. & Repair, Inc. v. Batelli, 416 So.2d 888 (Fla. 4th DCA 1982)).
Second, there is no likelihood of immediate and irreparable harm because the appellees have an adequate remedy at law. The appellees have repeatedly insisted that there is nothing in evidence that the money can be replaced, unless the funds were impounded. Since only money is at stake, it can be easily replaced. The appellants have an adequate remedy at law. See Lopez-Ortiz, 546 So.2d at 1126; Oxford, 374 So.2d at 56.
Based upon the appellees' failure to satisfy these two essential requirements for injunctive relief, it is unnecessary for us to comment on the remaining requirement. For these reasons, the trial court erred in not granting the appellants' motion to dissolve *560 the temporary injunction; therefore, the order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Finally, the appellants claim they are entitled to recover the costs and attorney's fees they have incurred in trying to dissolve the improper injunction. However, the law is clear that appellants are "required to institute a separate action at law on the injunction bond before damages may be assessed for the wrongful issuance of the temporary injunction." Calder Race Course, Inc. v. Gaitan, 430 So.2d 975, 976 (Fla. 3d DCA 1983) (citations omitted). Since the issue of attorney's fees has not been presented to the trial court, it is not properly preserved for appellate review.
Reversed and remanded for further proceedings consistent with this opinion.