PER CURIAM.
In this interlocutory appeal, Richard Diamond, James E. Wear, Advantage Plastics Corporation, and Advantage Paper Corporation (Diamond), defendants below, seek reversal of orders a) granting a temporary injunction prohibiting their depository, Barnett Bank, from disbursing monies from their commercial account, and b) denying a motion to dissolve the temporary injunction. Diamond’s claim here is that Interstate Trading Corporation (ITC), plaintiff below, in its application for injunction, failed to establish its clear legal right to the frozen funds, and further, failed to demonstrate that an adequate legal remedy was not available.
ITC, a dealer in salvageable cosmetic products, filed this action against Diamond, claiming Diamond had sold the company stolen merchandise. The complaint, framed in three counts, alleged: a) fraud in the inducement; b) breach of contract; and c) negligent misrepresentation. In each count, ITC sought money damages. ITC took the deposition of a selling broker, together with copies of an FBI report indicating that the goods in question had been stolen, and procured from a circuit judge an ex parte temporary injunction, without bond, prohibiting Diamond and the commercial bank in which Diamond’s funds were deposited, from disbursing some $55,-000. Diamond promptly filed a motion to dissolve. An alternate circuit judge, after a hearing, denied the motion. This appeal ensued.
The essential elements necessary which a plaintiff must demonstrate to obtain equitable relief are: first, clear legal right or interest in the subject matter of the suit; second, likelihood of irreparable harm because of the unavailability of an adequate remedy at law; and third, substantial likelihood of success on the merits. Oxford Int’l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Pla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla.1980); see Lopez-Ortiz v. Centrust Sav. Bank, 546 So.2d 1126 (Fla. 3d DCA 1989). Based upon our conclusion that ITC failed to satisfy the first two essential requirements for injunctive relief, it is unnecessary to comment upon ITC’s likelihood of prevailing on the merits in its action.
First, a contingent and disputed claim for money damages does not, by itself, constitute a sufficient right or interest for the granting of injunctive relief. In the instant case, ITC neither alleged that it had title or a lien against the proceeds of the account in question nor alleged it had a judgment against Diamond for the proceeds. Oxford, 374 So.2d at 56. Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975), cert. denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976); Dade Enterprises v. Wometco Theaters, 119 Fla. 70, 160 So. 209 (1935); see B.L.E. Realty Corp. v. Mary Williams Co., 101 Fla. 254, 134 So. 47 (1931).
Second, ITC contends that it had no adequate remedy at law because the monies allegedly owed to it would not most likely be recovered unless the funds were immediately frozen. This basis confuses the ability to obtain a judgment with the ability to satisfy a judgment. Oxford, 374 So.2d at 56; see Stewart v. Manget, 132 Fla. 498, 505, 181 So. 370, 374 (1938). “The true test is, could a judgment be obtained in a proceeding at law, and not would the judgment procure pecuniary compensation.” Oxford, 374 So.2d at 56 citing Stewart, 181 So. at 374.
Accordingly, the order granting the underlying injunction together with the order denying the motion to dissolve the tempo *633 rary injunction are reversed. Our holding is without prejudice to ITC to amend either its cause of action or motion.[1]
Reversed and remanded.

. SeaEscape Ltd. v. Maximum Marketing Exposure, Inc., 568 So.2d 952 (Fla. 3d DCA 1990).