644 So.2d 557 (1994)
Sylvio TABET, Appellant,
v.
Heidi TABET, Appellee.
No. 94-655.
District Court of Appeal of Florida, Third District.
October 12, 1994.
Rehearing Denied November 23, 1994.
*558 Young, Berman & Karpf and Andrew S. Berman, North Miami Beach, for appellant.
Kenny Nachwalter Seymour Arnold Critchlow & Spector and Richard H. Critchlow and Amanda M. McGovern, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
LEVY, Judge.
A judgment-creditor appeals from the trial court's determination that his judgment-debtor is not subject to jurisdiction in Florida for purposes of enforcing another state's judgment. We reverse and remand for an evidentiary hearing.
Appellee Heidi Tabet (hereafter "the wife") sued appellant Sylvio Tabet (hereafter "the husband") for divorce in California state court. The California court dissolved the marriage, and entered a money judgment in favor of the husband for approximately $4,800,000.
This case stems from the husband's attempt to enforce the California judgment against the wife through real property located in Florida. The husband sought to execute upon three pieces of Dade County real estate which are titled in the name of a German entity: "Heidrun Eckes-Chantre'-Tabet und Kinder Vermogensanlage, Gesellschaft burgerlichen Rechts" (hereafter "GbRIII"). The wife is a German citizen, and the husband alleges that, at a minimum, the wife owns an executable interest in GbRIII.
The husband domesticated the California judgment by way of the Florida Enforcement of Foreign Judgments Act. See §§ 55.501-55.509, Fla. Stat. (1993). At the same time he also obtained an ex parte temporary injunction preventing the wife from transferring her interest in the properties. After domesticating the judgment, the Dade Circuit Court issued a writ of execution against the wife in the amount of $3,400,000.
Thereafter, the husband filed Proceedings Supplementary to execution, pursuant to Section 56.29, Florida Statutes, in order to determine the true nature and extent of the wife's interest in the Dade County land. In his motion to invoke Proceedings Supplementary, the husband claimed that GbRIII was a German entity created merely to veil the wife's ownership of the Florida land, and to avoid collection of the California judgment. The husband also filed the affidavit of a German lawyer, who stated that a "Gesellschaft burgerlichen Rechts" (hereafter "GbR")[1] is a legal entity without separate legal standing, cannot hold title under German law, and that any property titled to a GbR should be treated as a tenancy in common among the GbR's members.
The wife responded by moving to dismiss the Proceedings Supplementary for lack of personal jurisdiction, alleging that she had no *559 minimum contacts with Florida. She filed an affidavit denying Florida residency and denying ownership of the Dade County properties, but admitting ownership of a 23.62% interest in GbRIII. The wife also filed the affidavit of a different German lawyer, who opined that, under German law, a GbR is a partnership that can own property free from execution by the partners' individual creditors.
After considering the affidavits and hearing arguments of counsel, the trial court, without making any findings of fact, granted the wife's motion to dismiss for lack of personal jurisdiction. The trial court also dissolved the temporary injunction which had barred the wife from transferring her interest in the properties. The husband now appeals from this non-final order. See Fla. R.App.P. 9.130(a).
The only real issue to be resolved in this case is a determination of the exact nature of the wife's property interest in the Dade County land. This is so because, due to the unique facts of this case, the wife's property interest will determine both the jurisdiction question, and to a great extent, the husband's ability to execute upon the properties.
As to the jurisdiction question, any executable property interest which the wife has in the Dade County properties is a sufficient minimum contact to confer personal jurisdiction over her for the purpose of satisfying the domesticated judgment. The minimum contacts requirement of the due process clause does not prevent Florida from enforcing another state's valid judgment against a judgment-debtor's property located here, regardless of the lack of other minimum contacts by the judgment-debtor. See Shaffer v. Heitner, 433 U.S. 186, 210 n. 36, 97 S.Ct. 2569, 2583 n. 36, 53 L.Ed.2d 683, 702 n. 36 (1977) ("Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter."); Bank of Babylon v. Quirk, 192 Conn. 447, 472 A.2d 21, 22-23 (1984) (a valid New York judgment may be satisfied by Connecticut courts against a judgment-debtor's Connecticut property despite the absence of other minimum contacts); Ruiz v. Lloses, 233 N.J. Super. 608, 559 A.2d 866, 867 (Ct.App.Div. 1989) (a Florida judgment is enforceable by New Jersey courts against a judgment-debtor's New Jersey property, even if the property is the judgment-debtor's only connection with New Jersey); see also 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1072, at 444 (2d ed. 1987) (Shaffer does not prevent a creditor from attaching property pending outcome of litigation in another state; to do otherwise would allow debtors to hide assets in states with which they have no other contacts).
However, we are unable to conclusively resolve the jurisdiction issue at this point in the proceedings. The husband's motion, and his subsequently filed affidavits, contradicted the affidavit of the wife with respect to the issue of ownership of the properties. Specifically, the husband alleged that the wife's interest in GbRIII was merely a ruse to hide her own assets. The wife's affidavit disclaimed any direct ownership of the land, but admitted a 23.62% interest in GbRIII. Because the factual question of the nature and extent of the wife's property interest remains unresolved by the affidavits, we must reverse the trial court's judgment, and remand for a limited evidentiary hearing on this issue. Doe v. Thompson, 620 So.2d 1004, 1005 (Fla. 1993); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989). Should the trial court determine that the wife has no executable interest in the properties, then the trial court will merely have exercised its "jurisdiction to determine jurisdiction." See Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223-24 (Fla. 1986); Al-Fassi v. Al-Fassi, 433 So.2d 664, 665 n. 1 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984). On the other hand, should the trial court determine that the wife has an executable interest in the properties, then the trial court will not only have resolved the jurisdictional question (against the wife), but will be well on its way to reaching the ultimate *560 determination of this proceeding supplementary.
Finally, we conclude that the trial court properly entered the temporary injunction which enjoined the wife from transferring or divesting herself of any interest she may have in the properties. "The very purpose of a temporary injunction is to preserve the status quo in order to prevent irreparable harm from occurring before a dispute is resolved." Camji v. Helmsley, 602 So.2d 617, 618 (Fla. 3d DCA 1992). Considering the facts of this case, the trial court did not abuse its discretion in concluding that the elements necessary to grant the temporary injunction were present. See U.S. Mfg. and Galvanizing Corp. v. Renfrow, 592 So.2d 1216, 1217 (Fla. 3d DCA 1992); 1800 Atl. Condominium Ass'n, Inc. v. 1800 Atl. Developers, 569 So.2d 885, 886 (Fla. 3d DCA 1990); Oxford Int'l Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). This case is unlike those cases where a party seeks to enjoin the transfer of assets prior to obtaining a judgment. See, e.g., Lawhon v. Mason, 611 So.2d 1367 (Fla. 2d DCA 1993); Diamond v. Interstate Trading Corp., 606 So.2d 631 (Fla. 3d DCA 1992); De Leon v. Aerochago, S.A., 593 So.2d 558 (Fla. 3d DCA 1992). Here, the husband had a final money judgment, and had alleged that the wife had already made transfers of assets in an attempt to avoid execution. In view of our remand for an evidentiary hearing, we therefore order that the temporary injunction be reinstated.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] "GbRIII" is the parties' abbreviated way of referring to the particular GbR involved in this case.