GREEN, Judge,
dissenting.
Respectfully, I cannot agree with the majority opinion.
The recent Supreme Court decision of Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993) makes clear that the purpose of a lis pendens is to put the world on notice that the property is the subject of litigation which could affect its title. A party asking for a lis pendens need only show a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit. Chiusolo, 614 So.2d at 492. It is the lis pendens bond which the Supreme Court seemed to analogize to temporary injunctions:
[T]he statutory reference to injunctions exists merely to permit property holders to ask in an appropriate case that the plaintiff post a bond where needed to protect the former from irreparable harm. The bond requirement, whenever appropriate, is a vehicle for protecting the property holders just as the lis pendens protects the plaintiff and third parties.
Id. at 493 (emphasis added, footnote omitted).
I find this statement, admittedly dicta, not only to be persuasive but to be totally in accord with well-established law that irreparable harm cannot be established by mere monetary loss.[1] Barclays Am. Mtg. Corp. v. Holmes, 595 So.2d 104, 105 (Fla. 5th DCA 1992) (“However, irreparable harm does not exist where the potential loss is compensable by money damages.”); De Leon v. Aerocha- *1307 go, S.A., 593 So.2d 558, 559 (Fla. 3d DCA 1992) (“Injunctive relief may not be used to enforce money damages....”); Hiles v. Auto Bohn Fed’n, Inc., 498 So.2d 997, 998 (Fla. 4th DCA 1986) (no irreparable harm because the loss can be compensated by money damages).
I interpret the Supreme Court’s statement, with its recurrent emphasis on bonds being permitted only in appropriate cases to protect a defendant from irreparable harm, to mean that, as with any temporary injunction, something more than simple money damages must be shown in order to demonstrate irreparable harm in a lis pendens ease also. Bonds would be “appropriate” in every lis pendens case if “irreparable harm” was defined by money damages only.
An example of irreparable harm in a lis pendens case is found in C.W. Bailey v. Rolling Meadow Ranch, Inc., 566 So.2d 63 (Fla. 5th DCA 1990) where it was alleged that a joint venture agreement was breached and a lis pendens lien was placed on fifty bulls. The bulls were allegedly purchased with money from the joint venture and both parties to this action claimed title to them. The court noted that the bulls would need feed, pasture, veterinary services and the like during the pendency of the lawsuit and that some of the bulls might die during lengthy court proceedings. The court stated that “time is not on the side of living things. Time alone is evidence of irreparable harm in this ease.” Id. at 65.
In the instant case, the evidence adduced at the evidentiary hearing on the question of irreparable harm showed that LACPI was facing complex financial problems with this building, including losing the property through foreclosure by a trustee. Medical Facilities made an offer to purchase the building for $5.5 million. For whatever reason, the sale was never completed. LACPI entered into a contract to sell the building for $6.5 million to Mt. Sinai Medical Center. Medical Facilities then filed the instant lawsuit seeking specific performance of its alleged contract to purchase the building and filed a lis pendens against the property. LACPI claimed that the lis pendens prevented it from closing on the contract with Mt. Sinai.
It seems to me that, under the language of Chiusolo, the bond in this case was inappropriate for two reasons. First, given the financial crisis surrounding the property, it is merely speculative to state that but for the lis pendens, the contract with Mt. Sinai would have closed. A reasonable inference may be drawn from the record evidence that Mt. Sinai might have encountered difficulties in purchasing the property also. Second, if one regards the Mt. Sinai contract to purchase the building as an adequate measure of damages, then LACPI’s “irreparable harm” was solely monetary in nature and there was an adequate remedy at law if it were later determined that the lis pendens was improperly placed on the property.
I would reverse the imposition of the lis pendens bond.

. The majority’s statement that "[w]hile irreparable harm must be shown in order to get the injunction itself, it need not be shown to get an injunction bond” is puzzling. As a general rule, a temporary mandatory injunction is proper only where irreparable harm will otherwise result, the party has a clear legal right thereto, and such party has no adequate remedy at law. Wilson v. Sandstrom, 317 So.2d 732, 736 (Fla.1975). cert. denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642, (1976). Additionally, Florida Rule of Civil Procedure 1.610(b) mandates that before a temporary injunction issues, that a bond be posted. So in essence, a party does indeed have to show, among other things, irreparable harm in order to be required to post an injunction bond. That is, without a showing of irreparable harm, there is no injunction and hence, no injunction bond.