716 So.2d 276 (1998)
Bernice HESLOP a/k/a Bernice Heslop-Moore, individually, Bernice Heslop-Moore, as general partner of Bern Investments, Ltd.; Bern Investments, Ltd; Marva Mae Christie; and Everton B. Smith, Appellants,
v.
Earnest MOORE, Jr., Appellee.
No. 97-3387.
District Court of Appeal of Florida, Third District.
May 20, 1998.
Rehearing Denied September 16, 1998.
*277 Brian R. Hersh, Miami, for appellants.
Gay, Ramsay & Warren, P.A. and Janis Brustares Keyser, West Palm Beach, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
GREEN, Judge.
This is an appeal of a non-final order temporarily enjoining the State of Florida, Department of the Lottery ("Lottery Department") from disbursing the third of a twenty year installment payment of lottery proceeds to the appellants for their immediate use and benefit and the court's denial of their motion to dissolve the same. We conclude that the lower court abused its discretion both when it entered this temporary injunction and when it refused to dissolve the same. Accordingly, we reverse.
Appellant Bernice Heslop, a/k/a Bernice Heslop-Moore, is the former wife of appellee, Earnest Moore, Jr. They were married on February 15, 1984, and divorced on February 2, 1996. For more than five years preceding their divorce, however, the couple had been completely separated. The former husband provided no financial support to the former wife or their child during the separation. During their separation, on November 25, 1995, unbeknownst to the former husband, the former wife became the single winner of the Florida Lotto Jackpot drawing totalling $28.52 million. The proceeds are payable in yearly installments of $1,426,000.00 over a twenty year period. On December 19, 1995, prior to claiming her lottery winnings, the former wife filed a petition for the dissolution of marriage and voluntarily waived all forms of financial support, including child support and alimony. As a result, she was not required to file a financial affidavit.[1] At no time during this dissolution proceeding did the former wife inform the former husband or the court of her lottery winnings. The dissolution proceeded as an uncontested matter.
Immediately after the final judgment was entered in the dissolution action, the former husband married another woman and the former wife travelled to Tallahassee to claim her lottery winnings. Rather than claiming the lottery proceeds in her name, the former wife claimed the money in the name of appellant, Bern Investments, Ltd. ("BIL"), a limited partnership which she had formed on January 19, 1996. The former wife is the general partner of BIL and her children, appellants, Marva Mae Christie and Everton B. Smith, are its limited partners.
At some point after their divorce but prior to the appellants' scheduled receipt of the third lottery installment payment in November 1997, the former husband learned for the first time that the former wife had won the lottery during their period of separation. On April 6, 1997, he filed a verified civil complaint for fraud and sought, among other things, a temporary injunction enjoining the Lottery Department from distributing the third lottery payment to appellants. Just prior to the November 1997 lottery installment payment, the former husband filed his ex parte emergency motion for temporary injunction without notice. The trial court granted the same and ordered the third installment payment to be deposited into the court registry or some other interest bearing account subject to court approval. A subsequent ex parte court order designated a particular bank for the deposit of these funds. The appellants' motion to dissolve this temporary injunction was denied and this appeal followed.
We first find that the former wife's initial challenges to the propriety of the issuance of the injunction without notice have been rendered moot by virtue of the fact that *278 she received the benefit of notice and an opportunity to be heard at the hearing on her motion to dissolve the injunction. In State v. Beeler, 530 So.2d 932 (Fla.1988), the supreme court held:
After a trial court issues a temporary injunction, a defendant has two options. He may question the lack of prior notice by immediately appealing the injunctive order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(b), or he may file a motion to dissolve with the trial court. With the latter option notice becomes irrelevant because the defendant is present, and the burden would be on the plaintiff to show that the complaint and supporting affidavits are sufficient to support the injunction.
Id. at 934
Turning now to the merits, although the former husband points to the abundance of decisions which have upheld the issuance of injunctions to prevent the dissipation of property which is or may later be determined to be marital property, see Woodrum v. Woodrum, 590 So.2d 1093, 1094 (Fla. 3d DCA 1991); Stefanowitz v. Stefanowitz, 586 So.2d 460, 463 (Fla. 1st DCA 1991) Sandstrom v. Sandstrom, 565 So.2d 914, 915 (Fla. 4th DCA 1990); Rouse v. Rouse, 313 So.2d 458, 460 (Fla. 3d DCA 1975), we conclude that they have no applicability to the factual scenario presented in this case. We note initially that a temporary injunction is an extraordinary remedy which should be granted only sparingly. See De Leon v. Aerochago, S.A., 593 So.2d 558, 559 (Fla. 3d DCA 1992); Hiles v. Auto Bahn Fed'n, Inc., 498 So.2d 997, 998 (Fla. 4th DCA 1986); Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734, 735 (Fla. 4th DCA 1980). Thus, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a clear legal right or interest in the subject matter of the suit; and (3) the likelihood of immediate and irreparable harm because of the unavailability of an adequate remedy at law. See De Leon, 593 So.2d at 559. In this case, we do not agree that the former husband established these essential elements.
First of all, we do not believe that the former husband can demonstrate a substantial likelihood of success in his civil fraud action against the former wife. The gravamen of the civil fraud action is that the former wife perpetrated a fraud, both upon the former husband and the court, in the parties' dissolution proceeding when she failed to disclose her lottery winnings. However, under the law in effect at the time of the filing of the parties' dissolution petition, there was no affirmative duty for any spouse to file financial affidavits or disclosure forms where there was a complete waiver of financial support. The rule requiring such financial disclosures did not become effective until January 1, 1996, a month after the petition for dissolution was filed in this case. See supra note 1. Hence, in the absence of such a requirement, we know of no legal duty breached by the former wife when she failed to disclose her lottery winnings and the former husband has cited to none.[2]
Next, even assuming arguendo that these lottery winnings are marital assets which are subject to equitable distribution, the former husband can not demonstrate a clear legal right or entitlement to share in such funds, given the fact that he and the former wife had been separated for a substantial length of time when these funds were acquired. The law has been clearly established that a lengthy separation is a legally sufficient justification for a court's disparate treatment of marital assets. See Moon v. Moon, 594 So.2d 819, 820 (Fla. 1st DCA 1992) (requiring the trial court to determine whether any post-separation portion of the former husband's retirement account was marital or nonmarital asset); Ross v. Bandi, 566 So.2d 55, 56 (Fla. 4th DCA 1990) (trial court erred in determining husband's corporate stock to be marital property where stock was acquired during the parties lengthy separation); Temple v. Temple, 519 So.2d 1054, 1055 (Fla. 4th DCA 1988) (although marital property should be distributed equally trial court may consider factors such as a lengthy separation period to justify disparate treatment); *279 compare Bobb v. Bobb, 552 So.2d 334, 337 (Fla. 4th DCA 1989) ("[T]he separation was not a valid justification for disparate division of property where all of the assets were earned prior to separation, and appreciation of those assets resulted from passive investment.") At best, it can only be said that the former husband has a "mere colorable claim" to a share of the former wife's lottery winnings and this is insufficient to support the issuance of an injunction. See Smith Barney Shearson, Inc. v. Berman, 678 So.2d 376, 377 (Fla. 3d DCA 1996); City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 753 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995); Cushman & Wakefield, Inc. v. Cozart, 561 So.2d 368, 371 (Fla. 2d DCA 1990).
Thus, given the failure on the part of the former husband to demonstrate a substantial likelihood of success and a clear legal right for the issuance of a temporary injunction, we deem it wholly unnecessary to consider the irreparable harm requirement. See Haitian Refugee Ctr., Inc. v. Christopher, 43 F.3d 1431, 1432 (11th Cir.1995) ("The party's failure to demonstrate a `substantial likelihood of success on merits' may defeat the party's claim, regardless of its ability to establish any of the other elements."). Accordingly, we find the lower court's issuance of the temporary injunction and refusal to dissolve the same to be an abuse of discretion and we reverse the same.
Reversed.
NOTES
[1] Effective January 1, 1996, Florida Family Law Rule of Procedure 12.285 was amended to require financial disclosures in all dissolution cases, even in the absence of a claim for alimony or child support. See In re Family Law Rules of Procedure, 663 So.2d 1315 (Fla.1995).
[2] Ironically, had the former husband rejected the former wife's waiver of financial support and insisted upon providing their child with child support, the former wife would have been obligated to file a financial affidavit disclosing her lottery winnings.