716 So.2d 311 (1998)
AIRPORT EXECUTIVE TOWERS, etc., Appellant,
v.
CIG REALTY, INC.. Appellee.
No. 98-1229.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Rehearing Denied September 16, 1998.
*312 Cohen, Chase & Hoffman and Robert M. Sondak, Miami, for appellant.
Shapo, Freedman & Bloom and David A. Freedman, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Airport Executive Towers I & II Limited Partnership ("AET") appeals from an order granting a temporary injunction in favor of CIG Realty, Inc., that restrains AET from moving out of Florida all net proceeds from the sale of its real property. For the following reasons, we reverse.
On May 1, 1998, CIG Realty, Inc.("CIG"), filed a Verified Emergency Complaint for Damages, Pre-judgment Garnishment and Injunction. The complaint alleged that defendant AET was indebted to CIG under two separate notes. Both notes are nonrecourse and the notes became "due and payable" if AET's office buildings were the subject of a foreclosure action not discharged within 120 days or were the subject of an unbonded mechanic's lien over $15,000. AET's sole assets are the buildings it owns. However, these notes do not give CIG a security interest in AET's real property. CIG has a pending lawsuit against AET for money damages for an alleged breach of contract.
The trial court issued a temporary injunction "enjoining and restraining all defendants from moving out of the State of Florida any net proceeds of the above described sale [of buildings]." On May 12, 1998, AET filed a motion to dissolve the temporary injunction. The trial court denied this motion. AET's appeal arises from the imposition of the temporary injunction, and the trial court's denial of AET's motion to vacate the injunction.
*313 "[A] temporary injunction is an extraordinary remedy which should be granted only sparingly. Thus, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a clear legal right or interest in the subject matter of the suit; and (3) the likelihood of immediate and irreparable harm because of the unavailability of an adequate remedy at law." Heslop v. Moore, 23 Fla. L. Weekly D1248, D1249 (Fla. 3d DCA May 20, 1998) (citations omitted); see also De Leon v. Aerochago, S.A., 593 So.2d 558, 559 (Fla. 3d DCA 1992); Oxford Int'l Bank & Trust Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla.1980). CIG had the burden of satisfying each of these elements, and their failure to do so requires that the injunction be dissolved.
CIG has an adequate remedy at law in its suit for money damages against AET. See De Leon, 593 So.2d at 559. "It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court, or indeed for any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment." Konover Realty Assoc., Ltd. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987) (citations and footnotes omitted). "The test for unavailability of an adequate remedy at law, under these requirements, is `whether a judgment can be obtained, not whether, once obtained, it will be collectible." Lopez-Ortiz v. Centrust Sav. Bank, 546 So.2d 1126, 1127 (Fla. 3d DCA 1989).
Reversed and remanded with instructions to dissolve the injunction.