725 So.2d 468 (1999)
MERCADO ORIENTAL, INC., Appellant,
v.
Maynor MARIN, Appellee.
No. 98-2756
District Court of Appeal of Florida, Third District.
February 17, 1999.
*469 Jose M. de la O, for appellant.
J.H. Zidell, Miami Beach, for appellee.
Before JORGENSON, GODERICH, and SORONDO, JJ.
PER CURIAM.
Mercado Oriental, Inc., appeals a non-final order requiring at least $40,000 from the sale of the company to be held in its attorney's trust account until further order by the court. For the reasons that follow, we reverse.
Maynor Marin, a former employee of Mercado, filed suit against his former employer for overtime wages due, fraud, and wrongful discharge. In the meantime, Mercado Oriental Inc., was in the process of being sold. The former employee sent a notice of taking deposition to Mercado's then-owner and stated his intent to ask for the identity of all potential buyers so as to put them on notice of his lawsuit. Mercado moved for a protective order seeking protection from revealing such names over concerns that it might frustrate the sale. Following a non-evidentiary, telephonic hearing, the trial court entered an order enjoining Mercado from access to at least $40,000 of the proceeds from the sale by ordering those proceeds to be retained in Mercado's attorney's trust account. This appeal follows.
"[A] temporary injunction is an extraordinary remedy which should be granted only sparingly. Thus, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a clear legal right or interest in the subject matter of the suit; and (3) the likelihood of immediate and irreparable harm because of the unavailability of an adequate remedy at law." Airport Executive Towers v. CIG Realty Inc., 716 So.2d 311, 313 (Fla. 3d DCA 1998) (quoting Heslop v. Moore, 716 So.2d 276, 278 (Fla. 3d DCA 1998) (citations omitted)); see also De Leon v. Aerochago, S.A., 593 So.2d 558, 559 (Fla. 3d DCA 1992); Oxford Int'l Bank & Trust Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979). Here, the trial court failed to consider any evidence concerning the merits of this case during the hearing on the temporary injunction. Therefore, it was impossible for the trial judge to have determined any degree of probability for the former employee's success in his lawsuit against his former employer.
Furthermore, there has been no showing, nor can there be, that the former employee has no adequate remedy at law. See Airport Executive Towers, 716 So.2d at 313 (holding in an action at law for money damages, no judicial authority exists for an order restraining the use of a defendant's unrestricted assets prior to the entry of judgment). Moreover, it was improper to enter the temporary injunction without requiring the former employee to post a bond. See Fla. R. Civ. P. 1.610(b). Accordingly, we hold that the trial court erred in enjoining Mercado's former owner from access to the proceeds of the sale of the company, since any of these deficiencies standing alone, much less their aggregate, compels reversal.
*470 Reversed and remanded with instructions to dissolve the injunction.