PER CURIAM.
We reverse the temporary injunction freezing appellants’ assets. The court erred in entering the injunction based solely on the unverified and legally insufficient amended petition. See Fla. R. Civ. P. 1.610(a)(1)(A). Moreover, the requisite elements to support injunctive relief were not shown in this case. See Mercado Oriental, Inc. v. Marin, 725 So.2d 468 (Fla. 3d DCA 1999). To make matters worse, the injunction was entered without a bond provision as clearly required by Rule 1.610(b).[1]
Because we learned today at oral argument that the trial court is conducting a hearing on several motions in this matter in two days, we dispense with rehearing. This decision should not be interpreted as *1033 preventing the trial court from entering an i^ndion upon appropriate notice, plead-mg, and proof.
Reversed and remanded.

. We also find it inexcusable that upon appellants’ motions to dissolve the injunction, and numerous attempts to set hearings thereon, the trial court refused to hear the motions within the five-day period required by Rule 1.610(d). We deem the court's refusal to hear the motions as a denial of same.