PER CURIAM.
Appellant, Fred Steven Ginsberg, and appellee, Carla A. Sontag, entered into a Property Settlement Agreement in May, 1987. A Final Judgment of Dissolution of Marriage was entered on October 28, 1987, incorporating the Property Settlement Agreement. Twelve years later, on April 28, 1999, Sontag requested and was granted a temporary injunction without notice which froze Ginsberg’s assets, as well as certain assets of appellant Fredlyn Schechtman, Ginsberg’s girlfriend. This Court reversed. See Ginsberg v. Ginsberg, 738 So.2d 1032 (Fla. 3d DCA 1999). Thereafter, Sontag filed a Verified Motion for Temporary Injunction with Notice, and the trial court held a hearing and again froze the assets of Ginsberg and Schecht-man. We reverse again.
A temporary injunction is an extraordinary remedy that should be granted only sparingly and only after the moving party has alleged and proven facts entitling it to relief. See Mercado Oriental, Inc. v. Marin, 725 So.2d 468, 469 (Fla. 3d DCA 1999); State Agency for Health Care Admin. v. Continental Car Servs., Inc., *1263 650 So.2d 173 (Fla. 2d DCA 1995); Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986). In support of her Motion for Temporary Injunction, Sontag alleged that Ginsberg owes her a sizable amount of money pursuant to the Property Settlement Agreement, has deposited money in Schechtman’s account, owns stock held in Schechtman’s name, keeps no assets in his name because of judgments against him, and has money in a Swiss bank account. It seems particularly unusual that such an extraordinary remedy should be granted in favor of Sontag after she has waited twelve years to seek enforcement of her rights under the Property Settlement Agreement. Although her sworn allegations may have been sufficient in 1988, the same cannot be said twelve years later.
Section 61.11(1), Florida Statutes (1997), provides as follows:
When either party is about to remove himself or herself or his or her property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against the party or the property and make such orders as will secure alimony or support to the party who should receive it.
In this case, however, the trial court has yet to determine whether Ginsberg has a support and alimony obligation under the Property Settlement Agreement. Furthermore, Ginsberg has not been able to assert any defenses to any claim for support or alimony allegedly owing under the Property Settlement Agreement such as statute of limitations or laches, nor has the judge determined the amount of his indebtedness, if any. The case below is not in a posture which would support an injunction under the statute at this time.
We therefore find that the temporary injunction issued against Ginsberg and Sontag was wrongfully entered.
Reversed and remanded.