OVERTON, Justice.
The Florida Bar’s Family Law Rules Committee (the committee) has filed an emergency petition for amendments to Florida Family Law Rules of Procedure 12.280 and 12.285. We have jurisdiction. Art. V, § 2(a), Fla. Const.
In the petition, the committee asks that we amend the rules to clarify that financial affidavits must be filed with the court. We agree with the committee’s request. Accordingly, we amend rules 12.280 and 12.285 as set forth in Appendix “A” to require the filing of financial affidavits. These amendments shall become effective January 1,1996.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX A

AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE

Florida Family Law Rules of Procedure 12.280 and 12.285 are hereby amended as follows (additions are underlined; deletions are struck-through):
RULE 12.280. GENERAL PROVISIONS GOVERNING DISCOVERY
Florida Rule of Civil Procedure 1.280 shall govern general provisions concerning discovery in family law matters with the following exceptions:
(a) Supplementing of Responses. A party is under a duty to amend a prior response or disclosure if the party:
(1) obtains information or otherwise determines that the prior response or disclosure was incorrect when made;
(2) obtains information or otherwise determines that the prior response or disclosure, although correct when made, is no longer materially true or complete.
(b) Time for FifegServing Supplemental Responses. Any supplemental response fiiedserved pursuant to this rule shall be fiiedserved as soon as possible after discovery of the incorrect information or change, but in no case shall the supplemental response be fiiedserved later than 24 hours before any applicable hearing absent a showing of good cause.
(c) Documents Considered Confidential. A determination as to the confidentiality of a' court record shall be made in accordance *1316 with Florida Rule of Judicial Administration 2.051.
(d) Sealing of Records. Records found to be confidential under Florida Rule of Judicial Administration 2.051 shall be sealed on request of a party.
Commentary
1995 Adoption. Florida Rule of Civil Procedure 1.280 is to govern the general discovery provisions in family law matters with the exceptions set forth above. Subdivision (a) of this rule alters rule 1.280(e) by placing a duty on parties in family law matters to supplement responses. Under rule 1.280(e), no supplemental response is required. Subdivisions (b), (c), and (d) of this rule are in addition to the general requirements of rule 1.280 and have no counterparts in the Rules of Civil Procedure. Subdivisions (c) and (d) have been implemented in recognition of the fact that family law cases often involve sensitive information that should be deemed confidential under Florida Rule of Judicial Administration 2.051. For instance, financial records filed may contain information regarding a family business, which, if public, could provide competitors with an advantage and adversely affect the family business.
RULE 12.285. MANDATORY DISCLOSURE
(a)Application.
(1) Scope. This rule shall apply to all proceedings within the scope of these rules except proceedings involving adoption, simplified dissolution, enforcement, contempt, and injunctions for domestic or repeat violence. Additionally, no financial affidavit or other documents shall be required under this rule from a party seeking attorneys’ fees, suit money, or costs, if the basis for the request is solely under section 57.105, Florida Statutes, or any successor statute. Except for the provisions as to financial affidavits, any portion of this rule may be modified by order of the Court or agreement of the parties.
(2) Original and Duplicate Copies. Unless otherwise agreed by the parties or ordered by the court, copies of documents required under this rule may be produced in lieu of originals. Originals, when available, shall be produced for inspection upon request. Parties shall not be required to serve duplicates of documents previously served.
(b) Time for Production of Documents.
(1) Temporary Financial Hearings. Any document required under this rule in any temporary financial relief proceeding shall be served on the other party for inspection and copying as follows.
(A) The party seeking relief shall serve the required documents on the other party with the notice of temporary financial hearing, unless the documents have been served under subdivision (b)(2) of this rule.
(B) The responding party shall serve the required documents on the party seeking relief on or before 5:00 p.m., 2 business days before the day of the temporary financial hearing if served by delivery or 7 days before the day of the temporary financial hearing if served by mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2) of this rule. A responding party shall be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) of this rule will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control.
(2) Initial and Supplemental Proceedings. Any document required under this rule for any initial or supplemental proceeding shall be served on the other party for inspection and copying within 45 days of service of the initial pleading on the respondent.
(c) Parties Whose Annual Income and Expenses Are Less Than $50,000. Any party whose gross annual income from all sources is less than $50,000 and whose total annual expenses are less than $50,000 shall be required to serve the following documents in any proceeding for an initial or supplemental request for temporary or permanent financial relief, including, but not limited to, a request for child support, alimony, equitable *1317 distribution of assets or debts, or attorneys’ fees, suit money, or costs:
(1) A financial affidavit in substantial conformity with Family Law Form 12.901(d), which requirement cannot be waived by the parties, and which also must be filed with the court.
(2) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past three years.
(3) IRS forms W-2, 1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(4) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(5) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(6) All loan applications and financial statements prepared or used within the 3 years preceding service of that party’s financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(d) Parties Whose Annual Income or Expenses Are Equal To or Exceed $50,000. Any party whose gross annual income from all sources is equal to or exceeds $50,000 or whose total annual expenses are equal to or exceed $50,000 shall be required to serve the documents on the other party as follows.
(1) Temporary Financial Relief. In any proceeding for temporary financial relief, the following documents shall be served on the other party:
(A) A financial affidavit in substantial conformity with Family Law Form 12.901(e), which requirement cannot be waived by the parties, and which also must be filed with the court.
(B) All federal and state income tax returns, gift tax returns, and intangible personal property tax returns filed by the party or on the party’s behalf for the past 3 years.
(C) IRS forms W-2,1099, and K-l for the past year, if the income tax return for that year has not been prepared.
(D) Pay stubs or other evidence of earned income for the 3 months prior to service of the financial affidavit.
(E) A statement by the producing party identifying the amount and source of all income received from any source during the 3 months preceding the service of the financial affidavit required by this rule if not reflected on the pay stubs produced.
(F) All loan applications and financial statements prepared or used within the 3 years preceding service of that party’s financial affidavit required by this rule, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.
(G) Corporate, partnership, and trust tax returns for the last tax year, if the producing party has an interest in a corporation, partnership, or trust greater than or equal to 30%.
(2) Initial Proceedings. In any initial proceeding for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys’ fees, suit money, or costs, the following documents shall be served on the other party:
(A) All documents listed ■ in subdivision (d)(1), including the financial affidavit which also must be filed with the court.
(B) The answers to interrogatories found in Family Law Form 12.930(b).
(C) All documents showing reimbursed expenses and in-kind payments that reduce the party’s personal living expenses that were received by or made available to the party for the last 3 years.
(D) All deeds, mortgages, promissory notes, and closing statements pertaining to real estate in which the party owns or owned an interest within the last 3 years, whether held in the party’s name individually, in the party’s name jointly with any other person, in the party’s name as trustee or guardian *1318 for any other person, or in someone else’s name on the party’s behalf.
(E) All periodic statements and passbooks from the last 3 years for all checking accounts, savings accounts, money market funds, certificates of deposit, and credit union accounts (regardless of whether or not the account has been closed), including those held in the party’s name individually, in the party’s name jointly with any other person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(F) All brokerage account statements in which either party to this action held within the last 3 years or holds an interest including those held in the party’s name individually, in the party’s name jointly with any person or entity, in the party’s name as trustee or guardian for any other person, or in someone else’s name on the party’s behalf.
(G) All title certificates, lease agreements, and registration certificates for all motor vehicles, boats, airplanes, and any other vehicle requiring registration that the party regularly uses, owns, or owned in the last 3 years.
(H) The most recent statement for any profit sharing, retirement, or pension plan in which the party is a participant or alternate payee and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)
(I) All documents pertaining to any money owed to the party or spouse.
(J) All life insurance policies insuring the party’s life or the life of the party’s spouse.
(K) Corporate, partnership, and trust tax returns for the last 3 years if the party has an ownership or interest in a corporation, partnership, or trust greater than or equal to 30%.
(L) Periodic statements, amortization schedules, or other records showing the party’s indebtedness as of the date of the filing of this action and for the last 3 years.
(M) All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage.
(N) All documents and tangible evidence supporting the producing party’s claim of special equity or nonmarital status of an asset or debt for the time period from the date of acquisition of the asset or debt to the date of production or from the date of marriage, if based on premarital acquisition.
(O) Any court orders directing a party to pay or receive spousal or child support.
(3) Supplemental Proceedings. In any temporary or permanent supplemental proceeding regarding financial relief, documents shall be produced as set forth in subdivisions (d)(1) and (d)(2), respectively and shall be served as set forth in subdivision (b)(1). Additionally, in any modification proceeding, each party shall serve on the opposing party all written agreements entered into between them at any time since the order to be modified was entered.
(e) Duty to Supplement Disclosure; Amended Financial Affidavit.
(1) Parties have a continuing duty to supplement documents described in this rule, including financial affidavits, whenever a material change in their financial status occurs.
(2) If an amended financial affidavit or an amendment to a financial affidavit is serve d-filed, the amending party also shall serve any subsequently discovered or acquired documents supporting the amendments to the financial affidavit if the party falls within the provisions of subdivision (d).
(f) Sanctions. Any document to be produced under this rule that is served on the opposing party fewer than 24 hours before a nonfinal hearing or in violation of the court’s pretrial order shall not be admissible in evidence at that hearing unless the court finds good cause for the delay. In addition, the court may impose other sanctions authorized by rule 12.380 as may be equitable under the circumstances. The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.
*1319 (g) Objections to Mandatory Automatic Disclosure. Objections to the mandatory automatic disclosure required by this rule shall be served in writing at least 5 days prior to the due date for the disclosure or the objections shall be deemed waived. For good cause shown, the court may extend the time for the filing of an objection or permit the filing of an otherwise untimely objection.
(h) Certificate of Compliance. All parties subject to automatic mandatory disclosure shall file with the court a certificate of compliance identifying with particularity the documents which have been delivered and certifying the date of service of the financial affidavit and documents by that party.
(i) Place of Production.
(1) Unless otherwise agreed by the parties or ordered by the court, all production required by this rule shall take place in the county where the action is pending and in the office of the attorney for the party receiving production. Unless otherwise agreed by the parties or ordered by the court, if a party does not have an attorney or if the attorney does not have an office in the county where the action is pending, production shall take place in the county where the action is pending at a place designated in writing by the party receiving production, served at least 5 days before the due date for production.
(2) If venue is contested, on motion by a party the court shall designate the place where production will occur pending determination of the venue issue.
Commentary
1995 Adoption. This rule creates a procedure for automatic financial disclosure in family law cases. By requiring production at an early stage in the proceedings, it is hoped that the expense of litigation will be minimized. See Drains v. Drains, 627 So.2d 505 (Fla. 2d DCA 1993); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991); and Katz v. Katz, 505 So.2d 25 (Fla. 4th DCA 1987). A limited number of requirements have been placed upon parties making and spending less than $50,000 annually unless otherwise ordered by the court. In cases where the income or expenses of a party are equal to or exceed $50,000 annually, the requirements are much greater. Except for the provisions as to financial affidavits, any portion of this rule may be modified by agreement of the parties or by order of the court. For instance, upon the request of any party or on the court’s own motion, the court may order that the parties to the proceeding comply with some or all of the automatic mandatory disclosure provisions of this rule even though the parties do not meet the income requirements set forth in subdivision (d). Additionally, the court may, on the motion of a party or on its own motion, limit the disclosure requirements in this rule should it find good cause for doing so.