630 So.2d 635 (1994)
Danny ROLLING, Appellant,
v.
STATE of Florida, ex rel. Robert A. BUTTERWORTH, Attorney General, and Rodney W. Smith, State Attorney in and for the Eighth Judicial Circuit of Florida, Appellees.
No. 93-1968.
District Court of Appeal of Florida, First District.
January 6, 1994.
*636 Richard L. Rosenbaum, Fort Lauderdale and Daniel Aaronson of the law firm of Benjamin & Aaronson, Fort Lauderdale; and Arlene C. Huszar, Florida Institutional Legal Services, Inc., Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., George Waas, Asst. Atty. Gen., Tallahassee; and Rodney W. Smith, State Atty., Gainesville, for appellees.
PER CURIAM.
Danny Rolling has appealed from a non-final order granting a temporary injunction against the disbursement of the proceeds obtained from any recounting of a crime, issued pursuant to Florida Statutes section 944.512. This statute imposes a lien in favor of the State of Florida upon the proceeds payable to a convicted felon or anyone on his behalf from any literary, cinematic or other account of the crime for which the felon was convicted. The statute provides expressly that the lien shall attach at the time of the conviction in county or circuit court. There is no provision in the statute for a temporary injunction prior to a conviction.
Appellant asserts a number of grounds for reversing this injunction. The first of these is the constitutional invalidity of section 944.512, based upon a theory that this statute is an improper prior restraint upon constitutionally protected speech.[1] We decline to reach this constitutional question because there are other grounds upon which to dispose of this case. See Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688, rehearing denied mem., 297 U.S. 728, 56 S.Ct. 588, 80 L.Ed. 1011 (1936); The Florida Bar v. Rayman, 238 So.2d 594, 596 (Fla. 1970) (well-established rule requires disposition of cases without deciding the constitutional questions whenever possible).
The constitutional argument is relevant, however, to the statutory construction argument raised by Mr. Rolling. The State asserts that this statute is constitutional under the standard established in Simon & Schuster v. Members of the Board of the New York State Crime Victims Board, ___ U.S. ___, 112 S.Ct. 501, 116 L.Ed.2d 476 (1991), in part because the lien does not attach until after a conviction. In Simon & Schuster the United States Supreme Court struck down New York's "Son of Sam law" because it was not narrowly drawn to serve the compelling state interest in compensating victims from the fruits of the crime. One of the grounds for finding that statute overbroad was that the *637 New York lien attached to all accounts of crimes, whether or not the author had been convicted or even accused of the wrongdoing. The State argues that the Florida statute is valid under the reasoning of Simon & Schuster because the lien does not attach until there has been a conviction. Yet the State also asserts that they can freeze these assets by way of a temporary injunction until the lien can attach at the time of a conviction. These positions are inconsistent.
The statute expressly provides that there is no lien until there has been a conviction. Under the State's own arguments that fact is key to the constitutionality of the statute. The State's right to the lien is contingent upon the conviction of Mr. Rolling of the crimes for which he has been indicted. Therefore, there can be no temporary injunction prior to conviction. There is no legal right to an injunction when the right to recover is contingent upon some future event like the outcome of a separate lawsuit. See Oxford International Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979), cert. dismissed mem., 383 So.2d 1199 (Fla. 1980) ("granting of injunctive relief is improper when a plaintiff's right to recover is contingent upon a future event, i.e., here, appellee's successful prosecution of its suit ...").
Because this temporary injunction purports to control the proceeds of recountings of "all crimes," including those for which Mr. Rolling has not yet been convicted, it must be vacated. Therefore, we need not decide at this time whether any future more narrowly drawn injunction could pass constitutional muster, what county or counties would be the proper venue(s) for seeking the lien under section 944.512, or whether there is a sufficient factual basis in this case to support such an injunction.[2]
Accordingly, the order granting the temporary injunction is VACATED.
ZEHMER, C.J., DAVIS, J., and SHIVERS, Senior Judge, concur.
NOTES
[1] We note that the State took the position in its Answer Brief that the constitutional question was not as significant as Appellant argued in the Initial Brief, and Appellee used this to justify a complete reorganization of the issues presented in the argument section. This is inappropriate. An Appellee should address the issues in the same order as they are presented in the Initial Brief so that the court can be certain which arguments are being addressed. See Dania JaiAlai Palace, Inc. v. Sykes, 450 So.2d 1114, 1122 (Fla. 1984) ("answer briefs should be prepared in the same manner as the initial brief, so that the issues before the Court are joined").
[2] Parenthetically, this Court notes its dismay that there was apparently not even an evidentiary hearing on the sufficiency of the grounds for a temporary injunction. The trial court's order did not address the State's likelihood of success on the merits. Nor did the trial court rule upon the likelihood of success of the defendant's affirmative defense that the contract attached to the verified complaint had been repudiated and was not valid. The State conceded at oral argument that in the absence of that contract there was no basis for the lien or the temporary injunction. The trial court also apparently never tested the sufficiency of the affidavit filed in support of the verified complaint, notwithstanding the fact that some of the facts were clearly not within the personal knowledge of the affiant.