741 So.2d 627 (1999)
Danny ROLLING, Sondra London, Appellant,
v.
STATE of Florida, ex rel. Robert A. BUTTERWORTH, Attorney General, and Rodney W. Smith, State Attorney in and for the Eighth Judicial Circuit of Florida, Appellee.
No. 98-498.
District Court of Appeal of Florida, First District.
September 28, 1999.
Eric S. Block, Jacksonville; Richard L. Wilson, Orlando; and Richard L. Rosenbaum, of Law Offices of Richard L. Rosenbaum, Ft. Lauderdale, for Appellant.
Robert A. Butterworth Attorney General; George L. Waas, Assistant Attorney General, Tallahassee; and Rodney W. Smith, State Attorney, Gainesville, for Appellee.
MINER, J.
Appellants Sondra London and Danny Rolling contest the lower court's imposition of a lien against the proceeds derived from sale of Rolling's personal property and against his other personal property on the grounds that section 944.512, Florida Statutes, is unconstitutional on its face and as applied. For the reasons explained below, we need not address the constitutional issues raised in the instant case, and we affirm the trial court's order.
Appellant Rolling is a death-sentenced multiple murderer. Pursuant to section 944.512, Florida Statutes, in Count I of the complaint and sections 960.29 through 960.297 in Count II, the state sought imposition of a lien in the action below against Rolling's property, especially the proceeds from sale of a book containing accounts of the crimes for which Rolling was convicted.[1] Both of these statutory lien provisions apply to convicted offenders[2] and provide for restitution to crime victims and the state. Following a bench trial, the court issued a final judgment finding that Rolling's personal property, including his "art," autographs, and the book recounting Rolling's crimes, were being marketed for profit by London and that the marketability of these items stemmed directly from Rolling's having committed the unspeakable crimes of which he was convicted. The court found that Rolling and London shared a special relationship, not only because *628 she was Rolling's fiancee and later "cyberspace" spouse[3], but also because in successive contracts Rolling granted to London all of his rights in virtually everything he thought, wrote, or otherwise created, e.g., his life story, drawings, and songs, and all the profits from the marketing of same. The court found that these contracts and London's marketing of Rolling's personal property, such as autographs and "art," as serial killer memorabilia for her own economic gain evidenced Rolling's intention to support London by assigning or transferring to her the profit from his crimes. Specifically the court found that the book "The Making of a Serial Killer" itself claimed to be an account of the crimes of which Rolling had been convicted written in Rolling's own words and that London herself testified that she added nothing substantial to the book. Finally, the court concluded that London was acting on Rolling's behalf with regard to marketing of the book and other personal property. The court found that a lien was appropriate under either statute and entered a lien in favor of the state as to all proceeds stemming from sale of Rolling's personal property, including his "art" and autographs, and accounts of the crimes of which he was convicted, and as to Rolling's personal property. Rolling and London were required to file an accounting with regard to same.
Relying primarily on Simon & Schuster, Inc. v. Members of the New York State Crime Victims Bd., 502 U.S. 105, 112 S.Ct. 501, 116 L.Ed.2d 476 (1991), appellants argued below and in the instant appeal that section 944.512[4], Florida Statutes, Florida's so-called Son of Sam law, violates the First Amendment and is, therefore, unconstitutional both on its face and as applied to each of them. Appellants have not otherwise raised any issue with regard to the trial court's findings and conclusions. In addition, although at oral argument counsel for both appellants admitted that the lien imposed also rests upon sections 960.29-.297, in their briefs neither appellant has attacked the validity of the lien insofar as it relies on this alternative statutory basis.
Sections 960.29-.297 provide that upon petition by the state, its local subdivisions, crime victims, or other aggrieved parties, the court may enter a civil restitution lien against the "real or personal property" of a convicted offender. See § 960.291(7),.292(2), Fla. Stat. Such property "includes any real or personal property owned by the convicted offender, or that a person possesses on the convicted offender's behalf, including, but not limited to, any royalties, commissions, proceeds of sale, or any other thing of value accruing to the convicted offender, or a person on the convicted offender's behalf." § 960.291(7), Fla. Stat. Thus, under the plain language of the statute, the lien encompasses items such as Rolling's "art" and autographs and the proceeds therefrom. The lien also clearly applies to proceeds from the book accounting Rolling's crimes. The court found that Rolling wrote the book with little assistance from London, and London did not establish entitlement to any percentage of the proceeds in her own right. *629 The evidence of the agreements between London and Rolling regarding publishing and profit rights, their special relationship, and her sale of items of Rolling's personal property support the court's finding that London is receiving benefits on Rolling's behalf and thus the lien attaches to the proceeds she has garnered from sale of Rolling's property. See § 960.291(7), Fla. Stat. In addition, Rolling could not transfer his property to London to avoid the lien. See § 960.29, .295, Fla. Stat. Under the above analysis, the trial court's imposition of the lien may be upheld solely under the cited provisions of Chapter 960 without reference to section 944.512. Thus, we need not address appellants' challenges to the constitutionality of 944.512.
Accordingly, the trial court's order is affirmed.
BENTON and BROWNING, JJ., CONCUR.
NOTES
[1] In addition to London and Rolling, two other defendants were named, but they did not file an answer in the action below and are not parties to this appeal.
[2] See Rolling v. State, 630 So.2d 635 (Fla. 1st DCA 1994) (striking temporary injunction issued under section 944.512 because state's right to lien contingent on conviction and Rolling not convicted at that time).
[3] Apparently the two had a falling out of sorts which led to a "cyberspace" divorce in June of 1996 according to London in an interview with talk show hostess Jane Pauley in November, 1997.
[4] Section 944.512(1) provides as follows:

A lien prior in dignity to all others shall exist in favor of the state upon royalties, commissions, proceeds of sale, or any other thing of value payable to or accruing to a convicted felon or a person on his behalf, including any person to whom the proceeds may be transferred or assigned by gift or otherwise, from any literary, cinematic, or other account of the crime for which he was convicted. A conviction shall be defined as a guilty verdict by a jury or judge, or a guilty or nolo contendere plea by the defendant, regardless of adjudication of guilt. The lien shall attach at the time of the conviction in county or circuit court. In the event of an appeal, the funds will be held in the Revolving Escrow Trust Fund of the Department of Legal Affairs until the appeal is resolved.