RYDER, Acting Chief Judge.
Appellants have rental units in Manatee County, Florida. They contracted with ap-pellees to remodel three units and construct a fourth. During construction, a dispute arose concerning the contract and the quality of the work performed. Appellants filed an action with six counts: Count I, breach of contract; Count II, negligence; Count III, show cause why liens filed by appellee Jarvis should not be cancelled; Count IV, unjust enrichment for failure to pay subcontractor; Count V, show cause why liens filed by appellees Loaderologist and Pools by LaGassee should not be can-celled; and Count VI, accounting.
Appellee Jarvis raised the affirmative defense of accord and satisfaction. By stipulation of the parties, the affirmative defense was tried first as a “bifurcated issue.” After a hearing, the trial court entered a partial final judgment, finding “that the written settlement agreement entered into between the parties is legally valid and binding and supported by sufficient consideration.” The trial court ordered that appellee Jarvis’ “affirmative defense constitutes a complete avoidance to the Plaintiffs’ Complaint.” This appeal ensued.
Appellants argue that the trial court erred in finding an accord and satisfaction because there was no evidence of appellants’ intent to enter into such. Our review of the record indicates that the evidence is conflicting as to appellants’ intent. The July 12, 1983 memorandum signed by both sides of this dispute states: “On completion, immediate payment will be made in full with regards to our change orders and our original contract with the following exceptions.” That language could easily be construed as embodying appellants’ intent to enter into an accord and satisfaction. Appellant William S. Moore, who had signed the memo, testified such was not his intent. The other person signing the memo, Joel Jarvis, testified it was the intent of all the parties present at the meeting (which resulted in the memo) to resolve all their differences. Richard Carter, attorney for William Moore at the time of the meeting and signing of the memo, testified that the memo’s purpose was to resolve all conflicts between the parties.
No citation is needed for the time-honored legal principle that the trier of fact is in the best position to weigh the evidence and determine the credibility of the witnesses. Although the evidence was conflicting, the trial court’s finding was supported by sufficient, competent evidence and we will not disturb it on appeal. See Friedman v. U.S. Home Corp., 452 So.2d 1111, 1112 (Fla. 2d DCA 1984).
However, the trial court found accord and satisfaction to be “a complete avoidance to the Plaintiffs’ Complaint.” The trial court erred in this regard. Accord and satisfaction was properly found to be an avoidance to appellants’ breach of contract count, but accord and satisfaction is not an affirmative defense to Counts II through VI.
Accordingly, we affirm the trial court’s partial final judgment as to Count I of the complaint, reverse the partial final judgment as to Counts II through VI of the complaint and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded with instructions.
LEHAN and HALL, JJ., concur.