POLEN, Judge.
The former husband timely appeals an order of the trial court denying a motion which was alternatively styled a Petition for Rehearing (Florida Rule of Civil Procedure 1.530) or in the alternative, Motion to Set Aside Judgment on the basis of newly discovered evidence [Florida Rule of Civil Procedure 1.540(b)]. Appellant’s motion was directed to an order dated September 28,1987, wherein the trial court approved a report of the Domestic Relations Commissioner recommending that the former husband be found in contempt for failure to pay child support, setting the arrears in the amount of $5,863, withholding imposition of sentence, and setting a purge provision.
The appellant’s alternative motion, filed fifteen days after the September 28, 1987 order, would have been untimely insofar as it was a motion for rehearing under Florida Rule of Civil Procedure 1.530. However, since it asked in the alternative for relief from judgment based on alleged newly discovered evidence, it was a timely motion under Florida Rule of Civil Procedure 1.540(b). The gist of that portion of the motion was that the former husband’s newly discovered evidence consisted of receipts showing that he would be entitled to credits totaling $2,410 against the arrearages of $5,863. He further alleged the reason this was not presented to the Domestic Relations Commissioner was that the receipts were in the hands of his prior attorney, and he was unable to obtain them in time for said hearing.
Upon receipt of appellant’s alternative motion, the trial court directed the parties, in effect, to try to work out an agreement as to the credits claimed by the former husband. After a number of months, during which the parties were unable to reach such an agreement, the trial court entered its order denying the appellant’s motion for alternative relief, thus leading to this appeal.
We hold that it was error for the trial court to decline to conduct an evidentiary hearing on the husband’s motion for relief from judgment. Clearly, the subject matter of the motion, the existence of receipts which would tend to show the former husband’s entitlement to a substantial credit against the amount determined to be in arrears, would be extremely relevant to the issues then before the court: the amount of the arrears, whether or not the husband should be found in contempt, and the amount of any purge provision. As to the question of whether this evidence truly constituted “newly discovered evidence which, through the use of due diligence, could not have been produced at the time of the hearing before the Domestic Relations Commissioner” would be a matter for the trial court’s determination upon such an evidentiary hearing. The failure of the trial court to afford the appellant such an evidentiary hearing constitutes reversible error.
We therefore reverse and remand for further proceedings consistent with this opinion.
HERSEY, C.J., and GARRETT, J., concur.