649 So.2d 309 (1995)
Consuelo M. PALERMO, Appellant,
v.
Edgard F. PALERMO, Appellee.
No. 93-3748.
District Court of Appeal of Florida, Fourth District.
January 25, 1995.
Roberta G. Stanley, Roberta G. Stanley, P.A., Fort Lauderdale, for appellant.
William L. Gardiner, III, Gardiner and Gardiner, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, former wife, appeals from a final judgment of dissolution of marriage. We reverse as to the award of life insurance and distribution of credit card debt. We affirm as to all other points raised.
With respect to the life insurance policy, both at trial and on appeal, the appellee concedes that the former wife has been making the premium payments and that the policy should be her property provided that she is solely responsible for the payments. We reverse and remand for modification of the final judgment to reflect this concession. See Edwards v. Edwards, 559 So.2d 281 (Fla. 4th DCA 1990); Sobelman v. Sobelman, 541 So.2d 1153 (Fla. 1989); Thiel v. Thiel, 426 So.2d 1212 (Fla. 4th DCA 1983).
As to the allocation of credit card debts, the trial court clearly intended to divide liabilities equally. Although the court allocated the credit card liability so that the sums owed by each party were roughly equal, the net effect of the distribution scheme was to allocate to the husband the *310 credit card debt incurred solely by him after separation and to allocate to the wife credit card debts that were incurred for the joint benefit of both parties. We reverse and remand for a redetermination of credit card debt which distributes the joint credit card debts equally. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Affirmed in part, reversed in part and remanded for treatment consistent with this opinion.
WARNER, PARIENTE and STEVENSON, JJ., concur.