WARNER, J.
The husband appeals the final judgment dissolving his marriage. He claims that the trial court erred in its determination of the valuation date of the parties’ marital assets, incorrectly determined that an IRA account was non-marital, and erred in failing to make required findings or award alimony to him. We conclude that the trial court’s rulings comported with the evidence and the law except for the inclusion and valuation of one business, which we reverse.
The parties were married for eleven years. The husband has been employed for the last six years with a large corporation, making $80,000 per year. The husband and wife also owned a company, TD Sales, which sold consumer electronics and cosmetic brushes. In 1992, the parties split off the cosmetic portion of the company, which was run by the wife, and formed Earthly Essentials. The husband handled operations for the new company, and the wife dealt with marketing. Earthly Essentials began to distribute a beauty product called “Genie” in 1997, the rights to which were purchased for $9,000. However, the product is not patented and is composed of non-unique ingredients.
In July 2001 the parties entered a contract for the sale of Earthly Essentials, *1214 excluding the Genie product. The sale of the company name and going concern was completed in November for a price of $210,000. Earthly Essentials’s inventory was sold for an additional $76,927.
Just before completion of the sale, the husband and wife separated, and they continued to run their own businesses. The wife transferred the Genie product to TKMI, a new corporation that she formed in December 2001. Genie sales subsequently soared, and the wife reaped the benefits. Unfortunately, TD Sales did not have similar success. It posted a loss in 2001.
In February 2002 the husband suffered major health problems which required a six-month stay in the hospital. The wife refused to help the husband continue TD Sales. The husband borrowed about $50,000 to sustain the corporation. However, with no one to run TD Sales, its inventory aged, reducing its value. TD Sales’s losses doubled, and the husband closed the company in July 2002.
Meanwhile, TKMI’s business grew rapidly. The company had sales of $529,000 in 2002. Under a capitalization of income approach, the wife’s accountant provided a value of $210,000 for TKMI using 2002 sales figures and a $200,000 salary for the wife. However, he admitted that TKMI’s value would have been $493,000 if he had used the wife’s actual salary of $85,000. Using the same approach and salary of $85,000 for the wife, the husband’s accountant valued TKMI at $550,000.
The two major issues at trial were the identification of marital assets and their valuation. In its final judgment the trial court chose September 2002, the date of the filing of the petition for dissolution, as the date for determining which assets were marital. Using this date, the court determined that the marital assets included TKMI and TD Sales, as well as proceeds from Earthly Essentials, including notes. The court valued TD Sales at $50,000, the amount of its inventory, which at the time of filing was obsolete and worthless. It valued TKMI at $210,000 based on the wife’s expert’s valuation.
The husband contends that the court abused its discretion in identifying the marital assets by the date of filing of the petition, yet valuing them as of the date of separation. We agree that the court should not have identified TD Sales as an asset, because it was not in existence on the date of filing.
Section 61.075(6), Florida Statutes (2002), addresses two separate issues — the cut-off date for identifying assets and liabilities as marital and the date for determining the value of those assets and liabilities. As to the first issue, the statute provides:
The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.
§ 61.075(6), Fla. Stat. As to the second issue, the statute provides that “[t]he date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.” Id.
As to TD Sales, the court’s use of the date of filing to identify marital assets and liabilities should have resulted in its exclusion as an asset, because it closed in July 2002. As to its valuation, it appears from the evidence that the court actually used its value at the time of separation. However, TD Sales did not exist as of the *1215 date of filing. Therefore, the court erred in including TD Sales and its valuation of $50,000 in the division of marital assets, because it did not exist on the date of filing. See Doerr v. Doerr, 751 So.2d 154, 155 (Fla. 2d DCA 2000). To the extent it had assets, they were offset by its liabilities.
On the other hand, TKMI, the valuation of which the husband also challenges, was in existence as of the date of filing. Contrary to the husband’s belief that it was valued as of 2001, it appears from the court’s ruling that it assessed it at its 2002 value based on the wife’s expert’s. calculation of $210,000. Because that value was based upon 2002 sales, we conclude that it represented TKMI’s value as of the date of filing in September 2002, not the date of the parties’ separation in September 2001. The husband contends that this value was artificially low because of attribution of a substantially higher salary to the wife by her valuation expert. However, the court concluded that the use of the higher salary in the calculations was reasonable, not only because of the wife’s increased risk in the venture but also because the child support calculations agreed to by the parties indicated a substantially greater income to the wife than the $85,000 she had paid herself in prior years. The court did not abuse its discretion.
The husband also complains that the court failed to identify debts that he incurred in the defunct TD Sales as marital debts, even though they existed as of the date of filing. Nevertheless, the court explained that these liabilities mainly arose after the separation of the parties, when both husband and wife had essentially gone their separate ways. The court also noted .that both parties had substantial litigation costs which affected the level of their debt. Therefore, the court concluded that they were individual obligations and not marital debts. We find no abuse of discretion in this determination. See Palermo v. Palermo, 649 So.2d 309, 309-10 (Fla. 4th DCA 1995).
We affirm as to the remaining issues raised. As to the IRA account, we conclude that treating this as the wife’s non-marital asset was correct when there was evidence that the money funding that account came., from Earthly Essentials, whose value was assigned to the wife with offsetting equitable distribution payments to the husband. Although the husband claimed alimony at trial, he did not plead it, and the wife objected to his making a claim at trial for alimony. “Where alimony has not been requested by the pleadings or tried by the consent of the parties, it may not be awarded.” Palumbo v. Palumbo, 576 So.2d 799, 800 (Fla. 1st DCA 1991). Because the wife objected, the claim was not tried by implied consent. Finally, we also affirm without further comment the court’s dismissal of the husband’s shareholder’s derivative suit.
As we have reversed as to the inclusion of TD Sales as a marital asset, we remand for the court to correct the final judgment by eliminating the asset and valuation of that corporation and adjusting the equitable distribution accordingly. The remainder of the final judgment is affirmed.
KLEIN and TAYLOR, JJ., concur.