LAWSON, J.
 

 Gail Boyle (“the wife”) appeals from a final judgment dissolving her twenty-five year marriage to Thomas Boyle (“the husband”). She asserts that: (1) the trial court’s valuation of marital assets on the date of separation, six years prior to filing for dissolution, was unreasonable in light of the parties’ continued financial ties after separation; (2) the trial court’s unequal distribution of assets was also unreasonable in light of the nominal alimony award; and (3) there were insufficient facts to support the court’s distribution to the husband of all assets accumulated in the husband’s 401K account after separation. We agree that relief is warranted with respect to the second issue raised, and reverse for reconsideration of the distribution scheme.
 

 The parties married in 1983 and separated in April 2001 without entering into a formal separation agreement. Almost six years later, in March 2007, the wife filed a petition for dissolution. Trial commenced in July 2008. By the time of trial, the parties’ three children were all adults. The trial court entered the final judgment on appeal in January 2009.
 

 When the parties separated in 2001, the husband worked at Lowe’s and had a 401K account valued at $6,451.67. The parties did not own a home, and had very few assets. Although there was no formal separation agreement, the husband gave the wife $10,000 to move and $1,400 in monthly cash (plus other regular financial support, such as health insurance coverage) during the term of the separation. The parties agreed on a co-parenting plan in which the children spent eight out of fourteen nights with the wife and six with the husband.
 

 
 *666
 
 After separation, the husband and his employer regularly contributed to his 401K account. It grew in value to $163,000 on the filing date, and then declined because of market conditions to $121,927.11 by the trial date. Although the trial court inquired about the amount of passive accumulation in the account, no evidence was presented on this issue. The husband also acquired a Benefit Restoration Plan after separation, which was valued at $23,467.88 as of the filing date.
 

 After their separation, each party maintained separate households, bank accounts and credit cards, and each purchased separate cars. The cars were equally valued at $5,000 on the filing date. Both parties accumulated credit card debt prior to the date of filing — the wife owing $6,609.25, and the husband owing $11,158. The husband also bought a house after separation, which had $98,000 in equity by the time of trial. Based on this and other evidence, the trial court concluded that the parties “essentially operated separate households” and “led their own life” after separation. The husband’s employment at Lowe’s was terminated four months prior to trial, and he was unemployed at the time of trial. The wife had devoted herself to raising the couple’s children during most of the long-term marriage. After the separation, the wife was able to find lower-level full-time employment, earning at most between $10 and $11 per hour.
 

 Although the court indicated it would have used the separation date to identify marital assets if it had been authorized to do so, it was constrained to designate marital assets using the filing date.
 
 See, e.g., Willman v. Willman,
 
 944 So.2d 1151 (Fla. 1st DCA 2006) (“In the absence of a valid separation agreement, a married couple’s assets remain “marital” until the date dissolution papers are filed.”).
 
 [1]
 
 Thus, the husband’s house, entire 401K account, and Benefit Restoration Plan were designated marital assets. However, because the court concluded that the parties had “truly separated” in April 2001, it decided to “adjust the distribution to reflect the assets and liabilities as of that date.” Contrary to the wife’s argument, this was not an abuse of discretion.
 
 See, e.g., Heslop,
 
 716 So.2d at 278 (“The law has been clearly established that a
 
 *667
 
 lengthy separation is a legally sufficient justification for a court’s disparate treatment of marital assets.”);
 
 Temple,
 
 519 So.2d at 1054 (finding no abuse of discretion for trial court to consider lengthy separation as justification for disparate treatment);
 
 Ross,
 
 566 So.2d at 56 (following
 
 Temple
 
 ). Of course, since most of the assets to be distributed were accumulated by the husband after the separation date, this resulted in a significant disparity in the ultimate awards.
 
 [2]
 
 The husband received a net distribution valued at $227,236.99. The wife’s net distribution totaled only $11,724.49 (which included a $10,000.00 attorney’s fee award).
 

 With respect to alimony, the trial court correctly found that the wife qualified for and needed permanent alimony. However, the court only awarded a nominal amount of alimony, finding that the husband could not afford to pay any more in light of the termination of his job at Lowe’s. As the wife correctly argues, this decision should not have been made independently of the asset distribution decision. In other words, the trial court erred by failing to consider the assets awarded to the husband in the final judgment as a potential source of alimony.
 
 See
 
 § 61.08(2)(d), (g), Fla. Stat. (directing trial court to consider parties’ financial resources, marital and nonmarital assets and liability distributed to each party and all sources of income, in determining alimony);
 
 see also, Diffenderfer v. Diffenderfer,
 
 491 So.2d 265, 267 (Fla.1986) (holding that retirement benefits may be considered marital property or as a source of income for alimony, but courts should be careful not to double count);
 
 Donoff v. Donoff,
 
 940 So.2d 1221 (Fla. 4th DCA 2006) (“Property distributed to a spouse in dissolution of marriage, even a pension plan, must be considered a source of income in determining the amount of income available to a spouse seeking alimony.”). Alternatively, as the wife suggests, the trial court could have adjusted the equitable distribution scheme to account for the husband’s limited ability to pay the needed alimony in light of his unemployment.
 
 Hamlet v. Hamlet,
 
 583 So.2d 654, 657 (Fla.1991);
 
 Doyle v. Doyle,
 
 789 So.2d 499 (Fla. 5th DCA 2001) (because the remedies of alimony, child support and equitable distribution are interrelated parts of an overall scheme, they should be viewed as a whole, not piecemeal).
 

 Accordingly, we reverse the final judgment and remand with instructions that the trial court reconsider the entire scheme.
 
 Guobaitis v. Sherrer,
 
 18 So.3d 28, 33 (Fla. 3d DCA 2009).
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . The husband argues that "[m]any courts have held that assets and liabilities acquired after separation are non-marital. However, the cases he cites in support of this assertion are either not current or do not support his assertion. In
 
 Moon v. Moon,
 
 594 So.2d 819 (Fla. 1st DCA 1992), the appellate court remanded for a determination of whether the portion of the husband's retirement account acquired after separation was a marital or non-marital asset, but this case was decided under a former version of section 61.075, which gave the trial court discretion to use a date other than the filing date to identify marital and non-marital assets and liabilities. Thus,
 
 Moon
 
 does not comport with the current version of the statute. Neither
 
 Heslop v. Moore,
 
 716 So.2d 276 (Fla. 3d DCA 1998) nor
 
 Palermo v. Palermo,
 
 649 So.2d 309 (Fla. 4th DCA 1995) involved determinations that property acquired after separation was non-marital, but rather, that separation was a basis to unequally distribute such
 
 marital
 
 assets. Finally, the husband asserts that in
 
 Ross v. Bandi,
 
 566 So.2d 55 (Fla. 4th DCA 1990), the court held that "the trial court erred when it determined the Husband’s corporate stock [acquired after separation] to be marital property.” (A.B. 13). However, a close reading of
 
 Ross
 
 reveals that this was not the holding. Instead, the husband in
 
 Ross
 
 argued that the trial court erred in determining his stock marital property. Although the court indicated that it found merit in the husband’s argument, it reversed on the basis of its decision in
 
 Temple v. Temple,
 
 519 So.2d 1054 (Fla. 4th DCA 1988), which upheld an unequal distribution of a
 
 marital
 
 asset-a husband’s stock acquired after separation. The bottom line is that while trial courts can no longer identify assets acquired after separation as non-marital, they can use the separation as a basis to unequally distribute those assets.
 

 [2]
 

 . The wife is correct that she should have been awarded not only half of the value of the husband’s 40IK on the date of separation, but also half of the passive investment income that accumulated after separation on that sum. However, because the wife did not present the trial court with an evidentiary or other basis to determine this additional amount, we find no trial court error as to this point (the wife’s third argument on appeal).